UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FURNELL GABRIEL**                                      **CIVIL ACTION**

**VERSUS**                                                **NO. 10-1688**

**MARLIN GUSMAN, ET AL.**                                **SECTION "F"(1)**

# REPORT AND RECOMMENDATION

Plaintiff, Furnell Gabriel, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants Sheriff Marlin Gusman and the Louisiana Department of Public Safety and Corrections. In the complaint, he challenged various conditions of his confinement within the Orleans Parish Prison system.

Due to the cursory manner in which plaintiff's claims were stated, the Court held a Spears hearing on July 14, 2010. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint and his Spears hearing testimony,[1] the undersigned recommends that plaintiff's claims be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

## II. Louisiana Department of Public Safety and Corrections

As a preliminary matter, the Court notes that the Louisiana Department of Public Safety and Corrections is an improper defendant for two reasons.

First, state agencies are not "persons" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Hyatt v. Sewell, 197 Fed. App'x 370 (5th Cir. 2006); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); McGuire v. Lafourche Parish Work-Release Facility, Civ. Action No. 09-6755, 2009 WL 4891914, at *3 (E.D. La. Dec. 4, 2009); Levy v. Office of Legislative Auditor, 362 F.Supp.2d 729, 735 (M.D. La. 2005); Goins v. State of Louisiana, Civ. Action No. 04-1159, 2004 WL 2694899, at *2 (E.D. La. Nov. 22, 2004); Greer v. Tran, Civ. Action No. 02-3145, 2003 WL 21467558, at *2 (E.D. La. June 23, 2003).

Second, pursuant to the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent." Rodriguez v. Texas Commission on the Arts, 199 F.3d 279, 280 (5th Cir. 2000); see also U.S. Const. amend. XI. The United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999); McGuire, 2009 WL 4891914, at *3-4.

Accordingly, plaintiff's claims against the Louisiana Department of Public Safety and Corrections must be dismissed.

### IIII. Plaintiff's Claims

### A. Substandard Housing

Plaintiff's first claim is that the housing within the Orleans Parish Prison system is "substandard." Such conclusory allegations that prison living conditions are "substandard" fail to state a claim on which relief may be granted. Spurlock v. Gusman, Civ. Action No. 10-991, 2010 WL 2102829, at *4 (E.D. La. May 5, 2010), adopted, 2010 WL 2102825 (E.D. La. May 25, 2010); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *4 (E.D. La. Oct. 1, 2009); Friedland v. Hayman, Civ. Action No. 06-2583, 2006 WL 3359716, at *10 (D.N.J. Nov. 16, 2006).

### B. Lack of Security

Plaintiff's second claim is that the jail lacks adequate security. At the Spears hearing, he opined that there are not sufficient guards on duty. He testified that he has seen other inmates being attacked; however, he acknowledged that he has never been attacked or personally harmed due to the allegedly inadequate security.

To the extent that plaintiff is contending that jail officials are negligent for failing to provide better security, that claim is not cognizable in this federal proceeding. See Eason v. Thaler, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability may be imposed

under section 1983."); see also Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Nesmith v. Taylor, 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.").

To the extent that plaintiff is attempting to assert a federal constitutional claim, it would be a failure-to-protect claim. See, e.g., Rue v. Gusman, Civ. Action No. 09-6480, 2010 WL 1930936, at *5 (E.D. La. May 11, 2010); Spurlock v. Gusman, Civ. Action No. 10-991, 2010 WL 2102829, at *5 (E.D. La. May 5, 2010), adopted, 2010 WL 2102825 (E.D. La. May 25, 2010). It is clear that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). The United States Fifth Circuit Court of Appeals has held:

> To establish a failure-to-protect claim under § 1983, [a prisoner] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (citations and internal quotation marks omitted).

In the instant case, plaintiff does not allege that the purportedly inadequate security ever placed *him* in harm's way, that *he* personally is particularly susceptible to being attacked, or that prison officials have been made aware of and are deliberately indifferent to *his* need for protection. Instead, he offers nothing more than his vague and conclusory allegation that security is inadequate,

6

and it is clear that such allegations do not suffice to state a federal claim. See, e.g., Spurlock, 2010 WL 2102829, at *5; Morrison v. Gusman, Civ. Action No. 10-217, 2010 WL 724173, at *6 (E.D. La. Feb. 22, 2010); Sweat v. Corrections Corporation of America, No. 08-CV0917, 2009 WL 774454, at *2 (W.D. La. Mar. 24, 2009).

### C. Medical Treatment

Plaintiff's third claim is that medical care within the Orleans Parish Prison system is "inadequate." It is clear that the constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). The United States Fifth Circuit Court of Appeals has held:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). Instead, "[d]eliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

At the Spears hearing, plaintiff testified that he experiences headaches and has high blood pressure. However, it is evident that those medical needs have not been met with deliberate indifference. He testified that he has in fact been seen in the medical department, blood tests were performed, he was prescribed medication, and he currently has another appointment scheduled as part of his ongoing treatment. Therefore, it is clear that his medical complaints have not been ignored and that he has not been denied medical care. Moreover, there is no evidence that he has intentionally been treated incorrectly, and the mere fact that he continues to experience pain despite treatment is insufficient to state a constitutional claim. Williams v. Chief of Medical Operations, Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994); Taylor v. Nelson Coleman Correctional Center, Civ. Action No. 10-841, 2010 WL 1979618, at *4 (E.D. La. Apr. 22, 2010), adopted, 2010 WL 1980406 (E.D. La. May 14, 2010); Lathers v. Nelson Coleman Correctional Center, Civ. Action No. 10-128, 2010 WL 1489903, at *10 (E.D. La. Mar. 22, 2010), adopted, 2010 WL 1485468 (E.D. La. Apr. 13, 2010). Simply put, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (footnote and quotation marks omitted). Although plaintiff's medical treatment "may not have been the best money could buy," that fact is insufficient to establish a constitutional violation. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); see also Gobert, 463 F.3d at 349 ("deliberate indifference exists wholly independent of an optimal standard of care"); McMahon v. Beard, 583 F.2d 172, 174 (5th

Cir. 1978) (the applicable legal standard is not whether an inmate was provided the "optimum" or "best" medical care available).

In summary, plaintiff's own testimony disproves any allegation of deliberate indifference. Accordingly, his medical claim necessarily fails.

### D. Lack of Programs for Convicted Prisoners

Plaintiff's fourth, fifth, and twelfth claims are that the prison offers no job training programs, drug programs, or education programs. Those claims are frivolous because there is no constitutional right to educational or rehabilitative services or programs in prison. Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988); Spurlock v. Gusman, Civ. Action No. 10-991, 2010 WL 2102829, at *6 (E.D. La. May 5, 2010), adopted, 2010 WL 2102825 (E.D. La. May 25, 2010); Lathers v. Nelson Coleman Correctional Center, Civ. Action No. 10-128, 2010 WL 1489903, at *10 (E.D. La. Mar. 22, 2010), adopted, 2010 WL 1485468 (E.D. La. Apr. 13, 2010); Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *10 (E.D. La. Mar. 8, 2010); Morrison v. Gusman, Civ. Action No. 10-217, 2010 WL 724173, at *6 (E.D. La. Feb. 22, 2010); Oatis v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-6266, 2009 WL 3566120, at *2-3 (E.D. La. Oct. 29, 2009); Oglesby v. Gusman, Civ. Action No. 09-3593, 2009 WL 3254145, at *2 (E.D. La. Oct. 7, 2009); Sampson v. Corrections Corporation of America, No. 08-CV-0915, 2009 WL 837640, at *16 (W.D. La. Mar. 26, 2009); Wilbon v. Gusman, Civ. Action No. 05-2443, 2006 WL 2119458, at *2 (E.D. La. July 25, 2006).

## E. Lack of Law Library

Plaintiff's sixth claim is that there is no law library within the Orleans Parish Prison system. It is clear that prisoners have a constitutional right of meaningful access to the courts, including access to adequate law libraries or assistance from legally trained personnel needed to file nonfrivolous legal claims challenging their convictions or conditions of confinement. Bounds v. Smith, 430 U.S. 817, 828 (1977); Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). However, the Supreme Court in Bounds "did not create an abstract, freestanding right to a law library or legal assistance" in the prison. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Further, it is clear "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.

At the Spears hearing, plaintiff acknowledged that, although prisoners do not have access to a physical library, the jail has legal advisors who provide prisoners with advice, assistance, and access to law books and legal materials. Plaintiff noted that he in fact used a legal advisor to file the instant lawsuit, and the legal advisor "helped [him] out a lot." Moreover, the adequacy of the Orleans Parish Prison system's legal program was fully litigated in Howard v. Foti, No. 82-460 c/w 84-499, and monitored by this Court for many years. In that case, the Court fashioned an order to ensure that the prison law library and legal services program were constitutionally adequate, and it was determined that the Orleans Parish Prison system's law library and legal services program would be constitutionally adequate if the specifications set forth in the Court's order were met. Howard v. Foti, No. 82-460 c/w 84-499, 1989 WL 152715, at *1 (E.D. La. Dec. 14, 1989); see also Francis v. Gusman, Civ. Action No. 05-4065, 2006 WL 1985961, at *4 (E.D. La. June 21, 2006);

Griffin v. Foti, Civ. Action No. 03-2670, 2004 WL 1687864, at *2 (E.D. La. July 27, 2004). This Court need not endlessly relitigate the very issue decided in Howard v. Foti, especially in that plaintiff has not alleged that either the facts or the law have changed since that case was decided. Therefore, this Court looks to that precedent and finds that plaintiff's claim is meritless.[2] See Spurlock v. Gusman, Civ. Action No. 10-991, 2010 WL 2102829, at *6 (E.D. La. May 5, 2010), adopted, 2010 WL 2102825 (E.D. La. May 25, 2010); Morrison v. Gusman, Civ. Action No. 10-217, 2010 WL 724173, at *6 (E.D. La. Feb. 22, 2010).

### F. Unsanitary Eating Conditions

Plaintiff's seventh claim is that prison eating conditions are "unsanitary." At the Spears hearing, plaintiff testified that prisoners have no dining tables and must eat in the vicinity of the toilets. The fact that inmates may be required to eat in their cells while sitting on the floor or bunks is not a condition so egregious as to amount to a constitutional violation. Morrison, 2010 WL 724173, at *5; Jones v. Schouppe, Civ. Action No. 06-1083, 2008 WL 163049, at *4 (W.D. Pa. Jan. 15, 2008); Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *3 (E.D. La. July 5, 2007); Rayner v. Rees, Civ. Action No. 3:07-CV-P-124-S, 2007 WL 2000080, at *5 (W.D. Ky. June 28, 2007); Malone v. Becher, No. NA 01-101, 2003 WL 22080737, at *12 (S.D. Ind. Aug. 29, 2003); Perkins v. Kansas Department of Corrections, No. CIV. A. 95-3520, 1997 WL 383072, at *3

---

[2] "Stare decisis is the doctrine that demands adherence to judicial precedents." Meadows v. Chevron, U.S.A., Inc., 782 F. Supp. 1189, 1192 (E.D. Tex. 1991), aff'd in part, 990 F.2d 626 (5th Cir. 1993). The doctrine requires that like facts be given like treatment in a court of law. See Taylor v. Charter Medical Corp., 162 F.3d 827, 832 (5th Cir. 1998). Stare decisis is not narrowly confined to parties and their privies; rather, when its application is appropriate, the doctrine is broad in impact, reaching strangers to earlier litigation. Equal Employment Opportunity Commission v. Trabucco, 791 F.2d 1, 2 (1st Cir. 1986).

(D. Kan. June 9, 1997), aff'd, 131 F.3d 152 (10th Cir. 1997). Likewise, the fact that inmates must eat in the vicinity of the toilet may be unpleasant but it is not unconstitutional. Lathers v. Nelson Coleman Correctional Center, Civ. Action No. 10-128, 2010 WL 1489903, at *11 (E.D. La. Mar. 22, 2010), adopted, 2010 WL 1485468 (E.D. La. Apr. 13, 2010); Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010); Morrison, 2010 WL 724173, at *5; Hill v. Smith, Civ. Action No. 09-0811, 2010 WL 148272, at *6-7 (W.D. La. Jan. 12, 2010).

Moreover, without an allegation of resulting harm, complaints regarding food service practices simply are not of constitutional dimension. Wiley v. Blanco, Civ. Action No. 06-3512, 2007 WL 1747019, at *10 (E.D. La. June 15, 2007); see also Spurlock v. Gusman, Civ. Action No. 10-991, 2010 WL 2102829, at *7 (E.D. La. May 5, 2010), adopted, 2010 WL 2102825 (E.D. La. May 25, 2010); Roper v. Strain, Civ. Action No. 10-341, 2010 WL 923151, at *4 (E.D. La. Mar. 8, 2010); Wilkerson v. Champagne, Civ. Action No. 03-1754, 2003 WL 22872106, at *2 (E.D. La. Nov. 28, 2003). Further, mere negligence on the part of the jail officials in the way they manage the food services does not amount to a constitutional violation. Flowers v. Dent, No. 93-1987, 1994 WL 171707, at *3 (5th Cir. Apr. 29, 1994); Spurlock, 2010 WL 2102829, at *7.

### G. Unpleasant Living Conditions

Plaintiff's eighth, ninth, and tenth claims are that the prison has peeling paint, mildew on the walls, and rust on the bars. Admittedly, there is a point beyond which a prison cell's conditions are so unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried

ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). However, the conditions alleged by plaintiff clearly did not rise to that level. See, e.g., Spurlock v. Gusman, Civ. Action No. 10-991, 2010 WL 2102829, at *7 (E.D. La. May 5, 2010), adopted, 2010 WL 2102825 (E.D. La. May 25, 2010); Ellis v.Crowe, Civ. Action No. 09-3061, 2010 WL 724158, at *14-16 (E.D. La. Feb. 19, 2010); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); Crook v. McGee, No. 2:07cv167, 2008 WL 53269, at *2 (S.D. Miss. Jan. 2, 2008). The mere fact that the prison is not always as pleasant as he would like does not render the conditions unconstitutional. See Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."); Wilson v. Lynaugh, 878 F.2d 846, 849 & n.5 (5th Cir. 1989) (noting that the Constitution does not protect prisoners from "discomfort and inconvenience" and that prisoners "cannot expect the amenities, conveniences, and services of a good hotel").

## H. Lack of Religious Services

Plaintiff's eleventh claim is that the prison does not offer adequate religious services. The First Amendment, as applied to the states by the Fourteenth Amendment, guarantees the right to free exercise of religion. U.S. Const. amends. I and XIV. "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citation omitted). Prison regulations which impinge on that right are invalid unless they are reasonably related to legitimate penological interests. Id. at 349.

At the Spears hearing, plaintiff stated that he is a Baptist and complained that the prison offers no religious programs or communal services. However, he acknowledged that he has a Bible and is allowed to practice his religion on his own. He does not allege that any prison regulations exist which prohibit him from practicing his religion or in any way impinge on his right to exercise his faith. Moreover, there is no allegation or indication that the Orleans Parish Prison system fails met the *minimum* constitutional standards guaranteed by the First Amendment. As long as those standards are met, that is all that is required, even if other facilities may go beyond their constitutional obligations and voluntarily offer additional programs and services. Spurlock v. Gusman, Civ. Action No. 10-991, 2010 WL 2102829, at *7-8 (E.D. La. May 5, 2010), adopted, 2010 WL 2102825 (E.D. La. May 25, 2010). Accordingly, this claim fails.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this sixteenth day of July, 2010.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.